```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
KINGSTON TRADING &             *        CIVIL ACTION
TRANSPORTATION LTD., ET AL

VERSUS                         *        NO: 05-6337

EMBARQUES GOLFO, LLC, ET AL    *        SECTION: "D"(2)
```

### ORDER AND REASONS

Before the court is the **"Motion to Enforce Arbitration Agreement, Stay All Proceedings and Enjoin Defendants from Using Limited Liability Company Assets to Fund Attorney Fees for a Member Dispute"** filed by Plaintiffs, Kingston Trading & Transportation, Ltd., and Gary Frankston and Niels Busse. Defendant, Embarques Golfo, and Intervenor, Caytrans Project Services (Caribbean), L.L.C., filed memoranda in opposition.

The motion, set for hearing on Wednesday, March 15, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

### I. Background

Effective September 29, 2004, an Operating Agreement was entered into between **Kingston Trading & Transportation, Ltd. and Crown Projects, Inc. (also referred to as "Members")** for the

operations and management of **Caytrans Project Services (Caribbean), L.L.C. (also referred to as "Company").** (*See* copy of Operating Agreement, attached as Exhibit 2 to Caytrans Caribbean's Motion for Intervention, Doc. No. 7).

According to Plaintiffs, the primary business of Caytrans Project Services (Caribbean), L.L.C. (hereinafter referred to as Caytrans Caribbean) involves "the booking of cargos, chartering of vessels and hiring of vessels in the trade lanes of Columbia and the South Caribbean/South America exclusive of Cuba." (Complaint, ¶VII.).

The Caytrans Caribbean Operating Agreement provides in part:

> 3.6   General Rights of Management.  The members will conduct the Management of the Company and day to day operations of the Company.
>
> 4.4 Voting
>
> > ...
> >
> > (b) Majority Decisions.  Except as otherwise expressly required in the [Limited Liability Company Law, LSA-R.S. 12:1301-69), the Articles or this Agreement, a vote of the majority of the percentage Interests shall decide any matter brought before the Members. In particular a majority vote is necessary:
> >
> > (1)   To amend the Articles.
> >
> > (2)   To amend this Agreement.
> >
> > (3)   To cause the Company to borrow in the aggregate more than Five Hundred Thousand and No/100 ($500,000) Dollars.
> >
> > (4)   To enter into any contracts, agreements,

>   > or other arrangements between the Company and third parties over Five Million ($5,000,000) Dollars.
>   >
>   > (5) To mortgage or otherwise encumber any property owned by the Company.
>   >
>   > (6) To sell or otherwise dispose of any assets of the Company.
>   >
>   > (7) To require Members to contribute capital to the Company other than their respective initial capital contributions.
>   >
>   > (8) To dissolve the Company prior to the expiration of the term set forth in Section 2.4.
>
>   . . .
>
> 5.  Managers
>
> 5.1 A separate management agreement shall be established contracting for certain detailed business and operational functions. The manager shall be under the direction of the Members. The powers of the Company shall be under the authority of the Members, and the business and affairs of the Company shall be under the direction of the Members. The manager will be selected by a unanimous vote of the Members, and such employment agreement shall not extend for more than two years....
>
> 13. Miscellaneous General Provisions
>
>   . . .
>
> 13.5 Arbitration.  Any disputes, claims or controversies arising under this Agreement shall be decided by binding arbitration to be conducted in, Louisiana, under the Commercial Arbitration Rues (*sic*) of the Americar (*sic*) Arbitration Association if and to the extent then permitted under applicable Louisiana law.

(*See* copy of Operating Agreement, attached as Exhibit 2 to Caytrans

Caribbean's Motion for Intervention, Doc. No. 7).

In their Complaint, Plaintiffs allege that:

> V.
>
> Plaintiff, Kingstown and defendant, Embarques, owners of record of Caytrans Caribbean, previously unanimously agreed that Kingstown fifty (50%) ownership interest was transferred to plaintiffs Niels Busse and Gary Frankston, while defendants (*sic*) Embarques fifty (50%) ownership was transferred to Crown [Projects, Inc.]. Such agreement has not been formalized in writing.

(Complaint, ¶V.).

Plaintiffs further allege that at all pertinent time, Caytrans Caribbean has been managed by Dan-Gulf Shipping, Inc., which is owned by Plaintiffs, Niels Busse and Gary Frankston. (Complaint, ¶VIII; *see also* "Employment Agreement between Dan-Gulf Shipping and Caytrans Project Services (Caribbean), L.L.C." attached as Exhibit 1 to Memo. in Support of Plaintiffs' Motion to Enforce Arbitration Agreement).

Caytrans Caribbean allegedly began to face financial difficulties in May 2005 when fuel prices rose dramatically while cargo quantities decreases. (Complaint, ¶X.). These financial difficulties were worsened by several hurricanes, including Hurricane Katrina. (*Id*.).

Plaintiffs claim that on or about October 18, 2005, they "invoked Section 13.5 of the operating agreement and requested arbitration regarding disputes which had arisen between the

4

members," but "Defendants, Crown Projects, Inc. and Embarques Golfo, L.L.C., have refused to participate." (Complaint, ¶XII.).

Plaintiffs further allege that due to the worsening financial condition of Caytrans Caribbean, they requested that all members of Caytrans Caribbean make a capital contribution so that the financial obligations of Caytrans Caribbean could be met. (Complaint, ¶XIII.). However, Defendants Crown Projects, Inc. and Embarques Golfo, L.L.C., allegedly refused to do so. (*Id*.). Thus, on or about October 21, 2006, Caytrans Project Services [Americas], L.L.C. (allegedly an entity unrelated to Caytrans Caribbean and a company wholly owned by Plaintiffs Gary Frankston and Niels Busse) allegedly loaned Caytrans Caribbean $200,000 so that it could continue operations. (*Id*.).

Then, according to Plaintiffs, on or about November 14, 2005, Defendants unilaterally withdrew $100,000 from the working account of Caytrans Caribbean and deposited same with attorney James Willeford. (Complaint, ¶XIV.). Plaintiffs further assert that:

> Such amount was represented to be a retainer for employment by Caytrans Caribbean to perform an audit upon the books of Caytrans Caribbean. Defendants employed Attorney Willeford without [Plaintiffs consent] and without a majority of the members agreeing to same. The purposes of such retention were to perform an audit of the books of Caytrans Caribbean, as well as investigate Caytrans Caribbean's dealings with other entities and in particular whether [Plaintiffs] diverted business from the company to entities wholly owned by [Plaintiffs].

5

(*Id.*).

Plaintiffs object to Defendants' use of Caytrans Caribbean's assets to fund adverse action by the Defendant Members of the Company against them as Members of the Company, and Plaintiffs maintain that Defendant's removal of the $100,000 from the operating account of Caytrans Caribbean jeopardized its financial stability. (Complaint, ¶¶XV. & XVI.).

On December 5, 2005, Plaintiffs filed this suit asking this court to order Defendants to "submit to binding arbitration ... regarding **all disputes** between the parties and further that a restraining order be issued, restraining defendants from using assets of Caytrans Caribbean for retention of an attorney to pursue claims against [Plaintiffs] and/or entities owned by [Plaintiffs]." (Complaint, Prayer)(emphasis added).

On January 11, 2006, Caytrans Caribbean ("acting through its 50% member Embarques Golfo") filed an "Intervener's Complaint" naming **Kingston Trading & Transportation, Ltd., Gary Frankston and Niels Busse** (Plaintiffs in the main suit) as "Cross Defendants," and also naming **Dan-Gulf Shipping, Ltd.** as a "Third Party Defendant." (Intervener's Complaint, Doc. No. 9, ¶¶3-5, 17).

In its Complaint in Intervention, Caytrans Caribbean concedes that on September 29, 2004, Caytrans Caribbean entered into an employment agreement with Dan-Gulf Shipping (Intervention, ¶11), but then complains that Dan-Gulf Shipping (owned and operated by

6

Gary Frankston and Niels Busse) "is engaged in commercial activities in competition with Caytrans Caribbean." (Intervention, ¶12).

Caytrans Caribbean further alleges that "Dan-Gulf has now terminated its services to Caytrans Caribbean," and that Caytrans Carribean "has incurred substantial debt and is possibly insolvent" under the management of "Dan-Gulf and Kingston Trading Transportation, Gary Frankston and Niels Busse." (Intervention, ¶¶15 & 16).

Through its intervention, Caytrans Caribbean seeks "a full accounting from Kingston Trading Transportation Ltd., Gary Frankston, and Niels Busse and Dan-Gulf Inc. in its management and operation of the company." (Intervention, ¶17). Caytrans Caribbean further asserts numerous claims against Kingston Trading (which is purportedly a 50% Member of Caytrans Caribbean), as well as claims against Niels Busse, Gary Frankston and Dan-Gulf. (Intervention, ¶¶18-27).

More specifically, Caytrans Caribbean asserts the following claims against Kingston Trading Transportation Ltd., Gary Frankston, Niels Busse and Dan-Gulf Inc.: breach of fiduciary duty and loyalty; diversion of assets/profits and business opportunities; conspiracy to divert business opportunities; failure to account; conversion of assets; civil conspiracy under Texas law; deceptive trade practices under Texas law. (*Id.*) And Caytrans

Caribbean asserts the following additional claims solely against Dan-Gulf: wrongful fees in excess of $800,000; and breach of contract in excess of $5,000,000. (*Id.* at ¶¶21 & 25).

On February 7, 2005, Plaintiffs filed the instant **"Motion to Enforce Arbitration Agreement, Stay All Proceedings and Enjoin Defendants from Using Limited Liability Company Assets to Fund Attorney Fees for a Member Dispute."** (Doc. No. 15). In this motion, Plaintiffs clarify the matters they claim are "in dispute" and seek to have the following issues referred to arbitration:

> whether Defendants' acts and omissions, including but not limited to the failure to properly capitalize the company; diverting substantial asserts of the company to an attorney as a retainer, failure to obtain cargos for vessels as agreed and its demands that Dan-Gulf cease management has resulted in the effective closure of business; to determine what the individual members' liabilities for debts of the company are; to determine whether Defendants' allegations that movers diverted monies and/or business from Caytrans Caribbean are well founded and to determine whether the business should be dissolved.

(Plaintiffs' Supporting Memo. at 6).

Plaintiffs further argue that:

> Defendant, Crown, with the attorney it unilaterally hired to represent Caytrans, thereafter filed its intervention herein, naming petitioners, Frankston, Busse and Kingstown, as Defendants, and Dan-Gulf as a third party Defendant seeking damages for Busse and Frankston's alleged diversion of monies, management fees and business to Dan-Gulf, and other entities owned by Frankston and Busse, the identical issue, which movers

8

>       seek to arbitrate.

(*Id.* at 6-7).

In opposition to Plaintiffs' Motion to Compel Arbitration, Caytrans Carribean argues that the motion should be denied because:

1. Only Kingston has a right to demand arbitration against Embarques, but [Kingston] has failed to identify the "disputes" it considers as "arising under" the operating agreement;[1]

2. Caytrans' claims against Dan-Gulf, Frankston and Busse are not subject to an arbitration agreement and should not be stayed because Caytrans is a separate judicial entity with interests separate and distinct from its members; and

3. Because Caytrans is a member managed LLC and its operating agreement authorizes each member to manage its affairs, it is appropriate for Embarques to retain counsel for the Company and to authorize the use of funds to enforce Caytrans' rights against the contractor Dan-Gulf and others.  Those funds are not being used to litigate member disputes as Embarques has independent counsel for those matters.

(Caytrans Carribean Opp. at 1-2).

---

[1] As the court later discusses in the body of this ruling, the court agrees that Kingston (as Signatory to the Operating Agreement containing the Arbitration Clause) does indeed have a right to demand arbitration against Embarques (the successor in interest to the other Signatory, Crown projects). But the court disagrees with Caytrans Caribbean's position that Plaintiffs have failed to identify the disputes arising under the operating agreement. In their Complaint, the following key dispute is determinable, i.e., whether Crown Projects/Embarques could use assets of Caytrans Caribbean to retain an attorney for Caytrans Caribbean to sue Kingston. Plaintiffs also specify other claims in their Motion to Enforce Arbitration. (*See* this Order and Reasons, pp. 10-13 & n. 5, *infra*).

## II.  Legal Analysis

To determine whether parties have agreed to arbitrate a dispute, the court must consider: (1) whether a valid agreement to arbitrate between the parties exists; and (2) whether the dispute in question falls within the scope of the arbitration agreement. *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998).

Under the Arbitration Clause contained in the Caytrans Caribbean Operating Agreement, 50% Member, Kingstown Trading and Transportation, Ltd.[2] and 50% Member, Crown Projects, Inc.[3] are both obligated to arbitrate "[a]ny disputes, claims or controversies arising under this Agreement."

Further, as set forth above, the "Voting" provision of Operating Agreement states:

> (b) **Majority Decisions**.  Except as otherwise expressly required in the [Limited Liability Company Law, LSA-R.S. 12:1301-69), the Articles or this Agreement, a vote of the majority of the percentage Interests shall decide any matter brought before the Members. In particular a majority vote is necessary:
>
> (1)  To amend the Articles.

---

[2] Based on the record before this court, Plaintiffs' position that Kingstown Trading and Transportation, Ltd.'s 50% interest was transferred to Gary Frankston and Niels Busse is unsupported.  Interestingly, *Caytrans Carribean* asserts in *its* opposition memorandum that "*Embarques* did not approve of Kingston's assignment of interest."  (Caytrans Caribbean Opp. at 2)(emphais added).

[3] Based on Amendment II to Operating Agreement of Caytrans Project Services (Caribbean), L.L.C., Crown Project's 50% Member interest was transferred to Embarques, Golfo, LLC.  (*See* Amendment II included in Exhibit 2, attached to Intervener's Motion to Intervene, Doc. No. 7).

10

>       (2)   To amend this Agreement.
> 
>       (3)   To cause the Company to borrow in the aggregate more than Five Hundred Thousand and No/100 ($500,000) Dollars.
> 
>       (4)   To enter into any contracts, agreements, or other arrangements between the Company and third parties over Five Million ($5,000,000) Dollars.
> 
>       (5)   To mortgage or otherwise encumber any property owned by the Company.
> 
>       (6)   To sell or otherwise dispose of any assets of the Company.
> 
>       (7)   To require Members to contribute capital to the Company other than their respective initial capital contributions.
> 
>       (8)   To dissolve the Company prior to the expiration of the term set forth in Section 2.4.

(*See* copy of Operating Agreement, attached as Exhibit 2 to Caytrans Caribbean's Motion for Intervention, Doc. No. 7)(emphasis added).

LSA-R.S. 12:1318 "Voting rights of members" provides that:

> B.   Unless otherwise provided in the articles of organization or a written operating agreement, a **majority vote** of the members shall be required to approve the following matters, whether or not management is vested in one or more managers pursuant to R.S. 12:1312:
> 
>       (1)   The dissolution and winding up of the limited liability company.
> 
>       (2)   The sale, exchange, lease, mortgage, pledge, or other transfer of all or substantially all of the assets of the limited liability company;
> 
>       (3)   The merger or consolidation of the limited liability company.

>   (4) The incurrence of indebtedness by the limited liability company other than in the ordinary course of its business;
>
>   . . .

(LSA-R.S. 12:1318(B))(emphasis added).

The court concludes that **Kingstown Trading and Transportation, Ltd.**, as *signatory* to the Operating Agreement, clearly has a right to compel arbitration of the following claim against the other *signatory* to the Operating Agreement, i.e., **Crown Projects, Inc. or/or its successor in interest, Embarques Golfo**:

> whether Crown Projects, or its successor in interest, Embarques Golfo, LLC, (as 50% Member of Caytrans Carribean) had authority to hire James Willeford as an attorney for Caytrans Carribean and transfer to him $100,000 from the assets of Caytrans Caribbean to fund its attorney's fees in a dispute Caytrans Carribean purportedly had against Kingstown Trading and Transportation, Ltd., the other 50% Member of Caytrans Carribean.[4]

---

[4] The court had the parties in this matter brief the following issue:

> whether under any applicable rules of professional conduct and/or jurisprudence, attorney, James Willeford (or anyone in his law firm) is ethically prohibited from representing Intervenor, Caytrans Project Services (Caribbean), LLC, in this matter.

(Order, Doc. No. 33).

However, the court now finds that this issue cannot be resolved by this court until the issue of "whether or not Crown Projects, or its successor in

12

The court also finds that Kingstown Trading and Transportation, Ltd. (again, as *signatory* to the Operating Agreement containing the arbitration provision) has a right to compel arbitration of the following additional claims against *signatory* Crown Projects, or its successor in interest, Embarques Golfo, LLC, (as 50% Member of Caytrans Carribean): whether Crown Projects/Embarques Golfo failed to properly capitalize the company; whether Crown Projects/Embarques Golfo's demands that Dan-Gulf cease management has resulted in the effective closure of business; the determination of the individual members' liabilities for debts of the company; whether Crown Projects/Embarques Golfo's allegations that movers diverted monies and/or business from Caytrans Caribbean are well founded; and the determination of whether the business should be dissolved.[5]

---

interest, Embarques Golfo, LLC, (as 50% Member of Caytrans Carribean) had authority to hire James Willeford as an attorney for Caytrans Carribean and transfer to him $100,000 from the assets of Caytrans Caribbean" is decided by arbitration.

[5] In their Complaint, Plaintiffs seek to compel arbitration of **all disputes** between the parties and further that a restraining order be issued, restraining defendants from using assets of Caytrans Caribbean for retention of an attorney to pursue claims against [Plaintiffs] and/or entities owned by [Plaintiffs]. (Complaint, Prayer)(emphasis added).

In their Motion to Compel Arbitration, Plaintiffs set forth in more specificity which claims they seek to have arbitrated stating that they:

> seek to have all matters in dispute referred to arbitration, including but not limited to whether Defendants' acts and omissions, including but not limited to the failure to properly capitalize the company; diverting substantial asserts of the company to an attorney as a retainer, failure to obtain cargos for vessels as agreed and its demands that Dan-Gulf cease management has resulted in the effective closure of business; to determine what the individual members'

Next, the court finds that Gary Frankston, Niels Busse and Dan-Gulf Inc. who are (at least based on the record as it now stands) <u>not</u> signatories to the Operating Agreement have <u>no</u> right to compel arbitration. Further, the court finds that Caytrans Caribbean, which is <u>not</u> a party to the operating agreement, cannot be compelled to arbitrate any of the claims it has asserted in its Complaint in Intervention against Kingston Trading and Transportation Ltd., Gary Frankston, Niels Busse and Dan-Gulf Inc. Further, Caytrans Carribean has no obligation to arbitrate under the employment agreement between Caytrans Carribean and Dan-Gulf, because that employment agreement has no arbitration agreement.[6]

However, the court concludes that all of the claims asserted by Caytrans Carribean in its Intervention should be **STAYED** pending resolution, *through arbitration*, of the issues set forth above, namely:

---

        liabilities for debts of the company are; to determine whether Defendants' allegations that movers diverted monies and/or business from Caytrans Caribbean are well founded and to determine whether the business should be dissolved.

(Plaintiffs' Supporting Memo. at 6).

    Caytrans Carribean argues that these disputes are between the Company and Dan-Gulf, not between the members Embarques and Kingston. (Caytrans Caribbean Opp. at 5). The court disagrees with this blanket assertion, and finds that of the specific claims asserted by Plaintiffs in their Motion to Enforce Arbitration, only the claim regarding the "failure to obtain cargos for vessels" is more property a dispute between Caytrans Caribbean and Dan-Gulf.

[6]    *See* "Employment Agreement between Dan-Gulf Shipping and Caytrans Project Services (Caribbean), L.L.C." attached as Exhibit 1 to Memo. in Support of Plaintiffs' Motion to Enforce Arbitration Agreement).

> **whether Crown Projects, or its successor in interest, Embarques Golfo, LLC, (as 50% Member of Caytrans Carribean) had authority to hire James Willeford as an attorney for Caytrans Carribean and transfer to him $100,000 from the assets of Caytrans Caribbean to fund its attorney's fees in a dispute Caytrans Carribean purportedly had against Kingstown Trading and Transportation, Ltd., the other 50% Member of Caytrans Carribean; and**
>
> **whether Crown Projects/Embarques Golfo failed to properly capitalize the company; whether Crown Projects/Embarques Golfo's demands that Dan-Gulf cease management has resulted in the effective closure of business; the determination of the individual members' liabilities for debts of the company; whether Crown Projects/Embarques Golfo's allegations that movers diverted monies and/or business from Caytrans Caribbean are well founded; and the determination of whether the business should be dissolved.**

Until these issues are decided in arbitration, the claims asserted by Caytrans Caribbean in its Intervention must be stayed because the claims asserted in the intervention are based on much of the same alleged operative facts and appear to be inherently inseparable from the claims that must be arbitrated. *Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000). Further, allowing Caytrans Caribbean to proceed on its claims asserted in the Intervention could have a critical impact on those issues that must be decided by arbitration. *Id.*

Accordingly;

**IT IS ORDERED** that Plaintiffs' **"Motion to Enforce Arbitration Agreement, Stay All Proceedings and Enjoin Defendants from Using Limited Liability Company Assets to Fund Attorney Fees for a Member Dispute"**[7] be and is hereby **GRANTED**, as set forth above;

**IT IS FURTHER ORDERED** that the Clerk of Court mark this action closed for statistical purposes; and

**IT IS FURTHER ORDERED** that the court shall retain jurisdiction and the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this administrative closure shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana, this **24th** day of **March**, **2006**.

                                                       _____
                                                           A.J. McNAMARA
                                         UNITED STATES DISTRICT JUDGE

---

[7] While it may or may not be permissible under the subject Operating Agreement for Defendants (without a majority vote) to use assets of Caytrans Carribean to conduct an audit of Dan-Gulf or demand an accounting from Dan-Gulf, it is another issue whether or not it is permissible under the subject Operating Agreement for Defendants (without a majority vote) to use assets of Caytrans Carribean to bring claims against Kingston. Both of these issues must be resolved through arbitration.